## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAMES DICKSON II,               )
                                 )
             **Plaintiff,**   )
                                 )   **CIVIL ACTION**
v.                               )
                               )   **No. 16-2456-JWL**
NANCY A. BERRYHILL,[1]     )
**Acting Commissioner of Social Security,**   )
                               )
            **Defendant.**   )
_____ )

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

## I.      Background

---

[1]On Jan. 20, 2017, Nancy A. Berryhill became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff applied for DIB, ultimately alleging disability beginning March 1, 2008. (R. 10, 38). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. He argues that the ALJ erred in evaluating the credibility of his allegations of disabling symptoms and in evaluating his residual functional capacity (RFC).

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not

simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. <u>Gossett</u>, 862 F.2d at 804-05; <u>Ray v. Bowen</u>, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; <u>Wilson v. Astrue</u>, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing <u>Williams v. Bowen</u>, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." <u>Wilson</u>, 602 F.3d at 1139 (quoting <u>Lax</u>, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). <u>Williams</u>, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. <u>Id.</u>

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. <u>Wilson</u>, 602 F.3d at 1139 (quoting <u>Lax</u>, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of

past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.

At step five, the burden shifts to the Commissioner to show that there are jobs in the

economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084,

1088 (10th Cir. 1999).

      The court addresses each alleged error in the order presented in Plaintiff's Brief.

**II.     The Credibility Determination**

      Plaintiff argues that in her credibility determination the ALJ failed to credit his

exemplary work history, failed to consider Plaintiff's "ongoing and persistent efforts to

obtain relief of his severe pain" when she found that Plaintiff had a history of sporadic,

conservative treatment (Pl. Br. 15), and failed to consider the difficulties and limitations

which Plaintiff reported when performing daily activities.  Id. at 16-17.  The

Commissioner argues that the ALJ reasonably considered these matters, and substantial

evidence supports her evaluation.  (Comm'r Br. 3).  The Commissioner points to the

ALJ's consideration of these factors and to record evidence supporting that consideration,

and notes that Plaintiff did not discuss other evidence relied upon by the ALJ in support

of her credibility determination.  Id. at 3-7.  She argues that Plaintiff "essentially asks the

Court [sic] to reconsider the record and reach a different conclusion," which action is

outside the scope of substantial evidence review of an agency's decision.  Id. at 7-8.  In

his Reply Brief Plaintiff reaffirms his arguments, and argues that the ALJ selectively

chose evidence supporting her credibility determination while ignoring evidence

supporting a contrary determination.  The court agrees with the Commissioner's argument

that Plaintiff essentially asks the court to reweigh the evidence and reach a decision more

favorable to a finding of disability.  But, as noted above the court may not do so.

Bowman, 511 F.3d at 1272; accord, Hackett, 395 F.3d at 1172.

### A.    Standard for Evaluating Credibility

The framework for a proper credibility analysis is set out in Luna v. Bowen, 834

F.2d 161 (10th Cir. 1987).  An ALJ must consider (1) whether the claimant has

established a symptom-producing impairment by objective medical evidence; (2) if so,

whether there is a "loose nexus" between the proven impairment and the claimant's

subjective allegations of pain; and (3) if so, whether, considering all the evidence, both

objective and subjective, the claimant's symptoms are in fact disabling.  See, Thompson

v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993) (explaining the Luna framework).  The

Commissioner has promulgated regulations suggesting relevant factors to be considered

in evaluating credibility:  Daily activities; location, duration, frequency, and intensity of

symptoms; factors precipitating and aggravating symptoms; type, dosage, effectiveness,

and side effects of medications taken to relieve symptoms; treatment for symptoms;

measures plaintiff has taken to relieve symptoms; and other factors concerning limitations

or restrictions resulting from symptoms.  20 C.F.R. § 404.1529(c)(3)(i-vii).  The court has

recognized a non-exhaustive list of factors which overlap and expand upon the factors

promulgated by the Commissioner.  Luna, 834 F.2d at 165-66.  These factors include:

the levels of medication and their effectiveness, the extensiveness of the
attempts (medical or nonmedical) to obtain relief, the frequency of medical
contacts, the nature of daily activities, subjective measures of credibility
that are peculiarly within the judgment of the ALJ, the motivation of and
relationship between the claimant and other witnesses, and the consistency
or compatibility of nonmedical testimony with objective medical evidence.

Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quoting Thompson, 987 F.2d at

1489).

The court's review of an ALJ's credibility determination is deferential. It is

generally treated as binding on review. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir.

1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983). "Credibility

determinations are peculiarly the province of the finder of fact" and will not be

overturned when supported by substantial evidence. Wilson, 602 F.3d at 1144; accord

Hackett, 395 F.3d at 1173.

**B.    Analysis**

Here, the ALJ stated and applied the standard expressed above in making her

credibility determination. She noted the regulations and rulings applicable to her

evaluation of Plaintiff's allegation of symptoms, and summarized the standard for her

evaluation. (R. 16). As the Commissioner points out, in making her RFC assessment, the

ALJ explained how the evidence supports her finding that Plaintiff's allegations are "not

entirely credible." (R. 16-21). She summarized the record evidence and explained how

that evidence led to the limitations she assessed and did not require greater limitations

such as those alleged to be caused by Plaintiff's symptoms. Id. She noted her reasons for

6

finding that Plaintiff could walk at least four hours in an eight-hour workday, and specifically noted Plaintiff's report to his doctors that he was on his feet ten to twelve hours a day. (R. 17).

Plaintiff argues that "a good work record will support a claimant's credibility," and argues that the ALJ should have provided greater credit to his 24-year career in the military and his 10 years of service with one other employer. (Pl. Br. 15) (citing Schaal v. Apfel, 134 F.3d 496, 502 (2d Cir. 1998)). But, as the Commissioner points out the ALJ specifically recognized that Plaintiff worked for many years after 1991 (R. 17), and the ALJ stated she had considered Plaintiff's "strong work history" in "limiting the claimant to the light exertional level." (R. 20). As noted above, the Luna framework requires an ALJ to consider all of the evidence when evaluating the credibility of his allegations. It does not require that the ALJ afford particular weight to particular evidence in making that consideration. Here, it is clear the ALJ considered Plaintiff's strong work history, but she was not required to find his allegations credible because of that consideration. Plaintiff's argument otherwise merely asks the court to accord greater weight to this factor than did the ALJ.

Similarly, Plaintiff argues that his "ongoing and persistent efforts to obtain relief of his severe pain" were contrary to the ALJ's finding that he has a history of "sporadic, conservative treatment" (Pl. Br. 15) (citing R. 21), and requires remand for the ALJ to "take these matters into consideration in her credibility finding." (Pl. Br. 16). But, the ALJ did consider and summarize Plaintiff's treatment and cited to the record evidence in

support of her evaluation. (R. 16-19). Plaintiff does not pont to specific errors in the ALJ's summary and citation, and the court's review of the record reveals support for the ALJ's evaluation. Moreover, review of the record evidence cited by Plaintiff in support of his argument reveals treatment which was properly characterized by the ALJ as "conservative." Again, Plaintiff wants the court to reweigh the evidence more favorably to his position.

Plaintiff's argument of error in the ALJ's evaluation of his daily activities is equally unavailing. He argues that the ALJ accepted such evidence which was favorable to her decision but ignored contrary evidence. The court does not agree. Here is the ALJ's evaluation of Plaintiff's daily activities:

> The above residual functional capacity is also supported by the claimant's activities of daily living. He reports that his only problem with personal care is pain with bathing but that he is able to do it. He also reports that he gets his two young children, born in March 2009 and July 2011, ready for school and takes them to daycare and to school each day. He reports that he drives a car and shops for groceries and household items 2 to 4 times each week, taking an hour and a half. He reports that he prepares meals from kits, taking about an hour each day. He reports that he can do most housework but cannot reach above his [head] and does yard work, although he indicates it is very difficult. He also reported initially that he could lift 15 to 20 pounds with no problems and could walk for 15 to 20 minutes at a time (Ex. 2E; hearing testimony).

(R. 21). The ALJ's summary is supported by the record evidence. To be sure, the ALJ did not detail every limitation or problem reported by Plaintiff in his daily activities, but she did note that Plaintiff reported difficulty reaching above his head (and she assessed the ability to only occasionally reach overhead), takes an hour cooking meals from kits,

8

has pain with bathing, but is able to do it, and he does yard work although it is very difficult. This decision does not suggest that the ALJ ignored certain limitations in her consideration. An ALJ is not required to list every limitation alleged by the plaintiff. Nor is she required to accept each symptom asserted. That is the purpose of a credibility determination, and so long as the decision reflects that the ALJ fairly considered all of the evidence and provided reasons for her credibility determination which are supported by the record evidence, that is all that is required.

The court may not reweigh that determination. The mere fact that there is also evidence which might support a contrary finding will not establish error in the ALJ's determination. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Lax, 489 F.3d at 1084 (citations, quotations, and bracket omitted); see also, Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966). Where the ALJ has reached a reasonable conclusion that is supported by substantial evidence in the record, the court will not reweigh the evidence and reject that conclusion even if it might have reached a contrary conclusion in the first instance. Giving the credibility determination the deference it is due, the court finds no error.

## III.    The RFC Assessment

Plaintiff argues that handling and fingering frequently–up to two-thirds of an eight-hour workday–"is not consistent with the substantial evidence of record," id. at 20, and that "the substantial evidence of record supports a finding that Mr. Dickson is unable to perform the standing and walking required of light work [(at least six hours per workday)]." Id. at 20-21. The Commissioner responds that the record evidence supports the handling and fingering ability assessed by the ALJ, that Plaintiff's allegations of limitations alone cannot establish disability, that Plaintiff points to no evidence of specific functional limitations in this regard, and that the ALJ moderated Dr. Roberts's opinion regarding handling in Plaintiff's favor, by finding Plaintiff may handle only frequently rather than continuously. (Comm'r Br. 8-9). She points out that Plaintiff "admitted that he was on his feet 10-12 hours a day, far greater than the four hours provided for in the ALJ's RFC finding," and that "Dr. Morgan opined that Plaintiff could stand and walk up to four hours apiece in an eight-hour day." Id. at 9 (emphasis added). In his Reply Brief, Plaintiff argues that even if the ALJ is correct in finding that Plaintiff can stand and/or walk for four hours in a workday, that is short of the six hours required for light work. (Reply 4).

A. **Standard for Assessing RFC**

RFC is an assessment of the most a claimant can do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1545(a); see also, White, 287 F.3d at 906 n.2. It is an administrative assessment, based on all the evidence, of how a plaintiff's impairments and related symptoms affect his ability to perform work related activities.

Id.; see also Soc. Sec. Ruling (SSR) 96-5p, West's Soc. Sec. Reporting Serv., Rulings 126 (Supp. 2016) ("The term 'residual functional capacity assessment' describes an adjudicator's findings about the ability of an individual to perform work-related activities."); SSR 96-8p, West's Soc. Sec. Reporting Serv., 144 (Supp. 2016) ("RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s) . . . may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities.").  The Commissioner has provided eleven examples of the types of evidence to be considered in making an RFC assessment, including:  medical history, medical signs and laboratory findings, effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, attempts to work, need for a structured living environment, and work evaluations.  SSR 96-8p, West's Soc. Sec. Reporting Serv., Rulings 147 (Supp. 2016).

In assessing RFC, an ALJ is to consider a claimant's abilities to meet the demands of work despite his impairment(s).  20 C.F.R. § 404.1545.  The assessment is to be based upon all relevant medical and other evidence in the record and is to include consideration of the limitations caused by all of the claimant's impairments, including impairments which are not "severe" as defined in the regulations.  Id. at § 404.1545(a & e).  The assessment is to consider physical abilities such as sitting, standing, walking, lifting, carrying, pushing, pulling, reaching, handling, stooping, and crouching; mental abilities such as understanding, remembering, and carrying out instructions; responding

appropriately to supervision, co-workers, and work pressures; other abilities such as

hearing and seeing; and the ability to tolerate various work environments.  Id.

§ 404.1545(b,c,d); see also § 404.1521 (listing examples of basic work activities which

may be affected by impairments).  At the ALJ hearing level, it is the ALJ's responsibility

to assess RFC.  Id. § 404.1546(c).

The Commissioner issued SSR 96-8p "[t]o state the Social Security

Administration's policies and policy interpretations regarding the assessment of residual

functional capacity (RFC) in initial claims for disability benefits."  West's Soc. Sec.

Reporting Serv., Rulings 143 (Supp. 2016).  The Ruling includes narrative discussion

requirements for the RFC assessment.  Id. at 149.  The discussion is to cite specific

medical facts and nonmedical evidence to describe how the evidence supports each

conclusion, discuss how the plaintiff is able to perform sustained work activities, and

describe the maximum amount of each work activity the plaintiff can perform.  Id.  The

discussion must include an explanation how any ambiguities and material inconsistencies

in the evidence were considered and resolved.  Id.  The narrative discussion must include

consideration of the credibility of a plaintiff's allegations of symptoms and consideration

of medical opinions regarding plaintiff's capabilities.  Id. at 149-50.  If the ALJ's RFC

assessment conflicts with a medical source opinion, the ALJ must explain why she did not

adopt the opinion.  Id. at 150.

**B.**      **The ALJ's RFC Assessment and Explanation**

With regard to the issues raised by Plaintiff–handling and fingering, and standing and walking–the ALJ found that Plaintiff is able to stand and walk for a total of only four hours in an eight-hour workday and to handle and finger frequently.  (R. 16).  She discussed and evaluated the evidence regarding Plaintiff's knees, hips, back, and carpal tunnel; Dr. Roberts's examination and opinion; the findings of the Veterans Administration's evaluations; and the opinions of the state agency medical consultants. (R. 16-21).  She specifically noted and discussed Plaintiff's report that he wore "unloader braces "on both knees "for about 5 hours out of the 10-12 hours a day that he was on his feet," and that the RFC assessment for standing and/or walking four hours in a workday "is far less time than the claimant reported spending on his feet each day."  Id. at 17.  She noted that Plaintiff sought no treatment for his neck pain between June 2011 and September 2011.  Id. at 17-18.  She noted that surgery for Plaintiff's carpal tunnel syndrome might be required in the future, but was not recommended currently, that the only treatment provided was splints overnight, and that Plaintiff testified "that his other issues are of greater concern when he visits the doctor."  (R. 19).  She gave great weight to Dr. Roberts's opinion that Plaintiff "could stand or walk for 2 hours at a time, up to 4 hours in an 8-hour workday" and could finger frequently and handle continuously, and to the state agency physicians' opinion that Plaintiff can "stand and walk for 4 hours out of an 8-hour workday," and could handle or finger frequently.  Id. at 20-21.  Finally, the ALJ found that Plaintiff had acquired work skills from his past relevant work which are transferable to skilled and semi-skilled sedentary work "with jobs existing in significant

13

numbers in the national economy." (R. 22). She specifically concluded and explained that the evidence regarding limitations resulting from Plaintiff's knees, hips, id. at 17, back, id. at 17-18, lower back, and carpal tunnel was all accommodated within the RFC assessed. Id. at 19.

### C.    Analysis

Plaintiff does not suggest specific error in any of the ALJ's RFC analysis, but argues with regard to handling and fingering that his own testimony, the diagnosis of carpal tunnel syndrome and treatment with splints, and the VA award of disability ratings demonstrate that he cannot handle and finger frequently. (Pl. Br. 20). As the Commissioner points out, Plaintiff's argument does not point to evidence suggesting specific functional limitations regarding handling or fingering which would preclude such activity up to two-thirds of a workday. Moreover, the ALJ specifically cited record evidence in the form of medical opinions that Plaintiff has precisely the handling and fingering limitations assessed. (R. 20). In fact, as the ALJ noted, Dr. Roberts opined that Plaintiff is able to handle continuously. (R. 20, 883).

Plaintiff's argument regarding standing and walking is to the same effect. He appeals to his testimony (which the ALJ found not credible as discussed above), and to record evidence showing various signs or findings which he argues preclude finding an ability to stand and/or walk four hours in a workday. (Pl. Br. 20-22). Again, Plaintiff does not point to evidence suggesting specific functional limitations regarding standing or walking which would preclude standing and/or walking four hours total in an eight-hour

workday, and the ALJ cited to the medical opinions of Dr. Roberts and of the state agency physicians that Plaintiff is capable thereof.  (R. 20).  Plaintiff has shown no error in the ALJ's RFC finding.

Plaintiff argues in his Reply Brief that the ability to stand and/or walk a total of four hours in an eight-hour workday is insufficient to perform the six hours of standing and walking required of light work.  Plaintiff is correct that the <u>full range</u> of light work requires the ability to stand and/or walk for six hours in an eight-hour workday.  But the ALJ acknowledged that Plaintiff is unable to perform the full range of light work.  (R. 23).  And, he went on to find that "considering the claimant's age, education and transferable work skills, a finding of 'not disabled' is appropriate under the framework of Medical-Vocational Rule 202.22 and Rule 202.15."  <u>Id.</u>  Record evidence supports the ALJ's RFC assessment and the court's review of the Rules cited by the ALJ reveal that his finding is correct.  Plaintiff has shown no error in the Commissioner's final decision.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated this 9th day of June 2017, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**